**UNITED STATES ex rel. MILOT v. MAYNARD.**

(Second Division.   Nome.   October 20, 1919.)

No. 2805.

**Elections ☞5—Right of Suffrage.**

The right of suffrage is not a natural or civil right, but a privilege conferred by law, and, when unrestrained by Constitution or other organic law, the power of the Legislature is practically absolute in establishing the right and the method and procedure for its exercise.

The United States Attorney, for plaintiff.

HOLZHEIMER, District Judge.   This is a case of the United States, upon the relation of Charles H. Milot, against George S. Maynard, brought by the United States District At-

torney, under chapter 31, p. 752, of the Compiled Laws of Alaska of 1913, commencing said action by complaint and information, alleging, among other things, that the defendant, George S. Maynard, is guilty of usurping and intruding into, unlawfully holding and exercising, the office of councilman of the city of Nome, Alaska, and prays said defendant be, by judgment of this court, excluded therefrom, etc.

To this complaint defendant interposed a demurrer: (1) That the court has no jurisdiction of the subject-matter; and (2) that the complaint and information does not state facts sufficient to constitute a cause of action.

The Code of Alaska gives ample authority for the court's jurisdiction of the case. Answering the second ground for demurrer, I will not attempt to set out in this opinion the various allegations relied on by the plaintiff, nor enter into a discussion of the Australian ballot and kindred questions that might be involved, for this, being a general, and not a special, demurrer, will meet the question as a whole.

The right of suffrage is not a natural or civil right, but a privilege conferred by law, and, when unrestrained by Constitution or other organic law, the power of the Legislature is practically absolute in establishing the right and the method and procedure for its exercise.

Judge Cooley, in his work on Constitutional Limitations, says:

"Participation in the elective franchise is a privilege, rather than a right, and is granted or denied on the grounds of public policy." Cooley, Const. Lim. (6th Ed.) 762.

The reasoning in the Chamberlain Case, in 15 S. D. 216, 88 N. W. 109, 56 L. R. A. 187, 91 Am. St. Rep. 674, found in the majority opinion, is sound. But while the general principles in the Chamberlain Case are applicable to the case at bar, there is here really no constitutional question involved. As affecting the territory of Alaska, there is no Constitution, other than the United States Constitution, and the latter seems to contain no provision touching the matter here in question, as granting any franchise right. Nor does there appear to be any act of Congress granting franchise rights to persons in territories, at least affecting internal matters.

The territorial Legislature therefore seems to have absolute

6 A.R.—14

power touching the subject-matter of elective franchise and the procedure of its exercise. As affecting municipal elections, the Legislature has apparently delegated to cities and towns the power to regulate the elective franchise by ordinances, such ordinances having in this case been duly enacted, then there would seem to remain only the matter of the construction of the ordinances, and their enforcement. They express the will of the people affected thereby upon the question. They provide the exclusive method by which candidates may stand for election. They give no right to the voter to add the name of any other candidate by writing the same therein, by paster or otherwise. Such right not being given elsewhere, by superior law, authority, or otherwise, therefore does not exist. Where the Constitution or Legislature does not prescribe the qualifications of municipal officers, and the method of placing the names upon the ballot, the city council can, by ordinance, pass such an act. In the case at bar the city council has passed by ordinance such a law. Ordinances, like legislative or congressional acts, express the will of the people, and, as I have heretofore stated in other opinions, I would hesitate to thwart the will of the people for any reason, unconstitutional or otherwise, unless it would clearly appear beyond the right or power of the city council to pass such an ordinance. I would certainly be reluctant to override such an ordinance where such a construction would make it possible for people to get into office by tricks of legerdemain.

Laws of 1915, p. 55, § 3, provides, in cases of election to the legislative assembly, the ballots shall contain blank spaces in which the names of other candidates may be written. This act does not purport to establish a general law affecting the elective franchise, and the form of ballots in all elections, but only in elections to the legislative assembly. It does not expressly or impliedly affect municipal elections. It is therefore not applicable or material in this decision.

For the foregoing reasons the demurrer will be overruled.